**No. 49481.**—Protest 35653–K of Goggi Bros., Inc. (New York).

KEEFE, Judge:  This case comes before the court on rehearing.  It was originally decided in favor of the plaintiff (see C. D.. 643), the court holding that when merchandise in warehouse is abandoned to the Government a protest is timely when filed within 60 days after the collector demands payment of duty. The evidence before the court then indicated that the collector demanded duties upon the goods not destroyed under Government supervision on September 29, 1939, and that the protest was filed within 60 days of such demand, to wit, November 13, 1939.  In its motion for rehearing the Government contended that September 29, 1939, was not the date of the collector's demand, but rather the date of the final demand, the actual demand for duties upon the deficiency having been made upon February 2, 1939, and that the protest not having been filed within the statutory time which began to run from February 2, 1939, is untimely, and the court is without jurisdiction to decide the issue.

At the trial a representative of the plaintiff testified that the only notice he received was around the end of the summer and that he had not received any prior notice from his broker that the collector had made a demand for duties.

The assistant clerk of the withdrawal room at the port of New York who handled all applications for abandonment testified on behalf of the Government that he prepared the notice for the additional duty of $317.50 on February 2, 1939, and personally gave a copy thereof to the broker upon that date, and, according to his records, a copy of said notice was mailed to the plaintiff on February 3, 1939.

Plaintiff's broker, testifying for the Government, readily admitted that his clerk received a notice of duties due in the amount of $317.50 soon after receiving a telephone call from the warehouse in January 1939, to the effect that the wine intended to be abandoned was leaking from the barrels.  Witness was unable to recall exactly when he notified the plaintiff of the demand but admitted that it was long prior to September 29, 1939.  The witness also admitted receiving several notices from the collector for the payment of said duties, although maintaining that the first definite official demand was not made until September 29, 1939.

The broker further testified that from the time of the first notice on February 2, 1939, until the final demand for payment of the duties, he was endeavoring to convince the collector that when an importer abandons merchandise to the Government such abandonment has the same effect as a withdrawal and any duties due on such merchandise at that time would be waived because of the abandonment. That is to say, because the entire quantity was abandoned he had turned the particular part of the merchandise on which such duty was demanded back to the Government as well as the part destroyed under Government supervision.  However, he was unable to convince the collector that the $317.50 was not properly due, and when a formal demand, certified by the Comptroller's office as being correct, was received, the protest was filed.

The Government maintains that the demand of September 29, 1939, was not a new decision of the collector, but was merely the final demand made for payment of the duties determined in the collector's decision of February 2, 1939, before prosecution for the recovery thereof was commenced in the courts. The importer contends that the notice of September 29, 1939, was the only demand certified by the Comptroller's office as being correct and constituted the only "official definite demand," all other demands being "informal."

A consideration of the evidence before us on rehearing is convincing that the collector's decision that the importer owed the Government duties in amount of $317.50 was made on February 2, 1939, and that the importer or his agent, or both, had notice thereof, in the form of a demand for payment. Section 514, Tariff Act of 1930, provides that "all decisions of the collector  *   *   *   shall  *   *   *   be final and conclusive upon all persons  *   *   *   unless the importer, consignee, or agent of the person paying such charge or exaction  *   *   *   shall, within sixty days after, but not before such  *   *   *   decision  *   *   *   file a protest in writing with the collector," etc. The regular notice of such decision was admittedly in the possession of the agent of the importer. There is nothing in the law to indicate that a collector's decision in demanding the payment of duties previously liquidated is not final until certified as correct by the Comptroller's office, or that a notice of such decision should be in the form of an "official definite demand."

In the circumstances here presented by the Government for the first time, we are constrained to hold that the protest was not filed in the time prescribed by law. The motion of Government to dismiss is therefore granted.

Judgment will be entered accordingly.